**Order entered April 8, 2014**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01078-CR

**ERIC ROSE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-55385-Y**

## ORDER

The reporter's record was due in this appeal on November 9, 2012. On November 14, 2012, the Court granted official court reporter Sharon Hazlewood's request for an extension of time to file the reporter's record. On December 19, 2012, the Clerk of the Court notified Hazlewood that the record was overdue and directed her to file the record within thirty days. By order entered January 28, 2013, the Court granted Hazlewood a second extension of time to file the reporter's record. On February 4, 2013, the reporter's record was filed.

By order entered April 19, 2013, the Court granted appellant's motion to supplement the record and ordered Hazlewood to file a supplemental reporter's record of the plea hearing in this case. After Hazlewood failed to comply with the Court's April 19 order, the Court entered an

order on June 12, 2013 ordering Hazlewood to file the supplemental reporter's record within twenty days or the Court would order that she not sit as a court reporter.

On July 5, 2013, the Court abated this appeal to allow the trial court to make findings of fact regarding whether the plea agreement was recorded and could be filed. On July 26, 2013, a supplemental clerk's record was filed reflecting the trial court's findings that Hazlewood recorded the plea hearing and that the supplemental reporter's record would be filed within thirty days. The appeal was reinstated and the supplemental record was filed on August 15, 2013.

On October 16, 2013, the Court abated the appeal in order to allow the trial court to make findings of fact regarding why appellant's brief had not been timely filed. On November 11, 2013, a supplemental clerk's record was filed containing the trial court's findings. The trial court found that appellant's brief had not been filed because the exhibits admitted into evidence had not been filed. Counsel had obtained the original exhibits from Hazlewood to review but State's Exhibit 1 was not included in the envelope of original exhibits obtained from Hazlewood. Additionally, a compact disc enclosed with the exhibits tendered to counsel contained a version of volume three of the reporter's record that differed from the version filed on appeal. The trial court recommended that Hazlewood be given thirty days to file the exhibits and a corrected version of volume three. On November 14, 2013, this Court adopted the trial court's findings, granted appellant's pending second motion to supplement the record, and ordered Hazlewood to file, within thirty days, a corrected and complete volume three and all exhibits admitted into evidence during the trial court proceedings. The Court's order further indicated that if Hazlewood failed to comply, the Court would order that she not sit as a court reporter until the record is filed.

On December 15, 2013, Hazlewood requested a short extension. The record was filed on December 30, 2013. On January 3, 2014, the Court granted Hazlewood's extension.

On February 27, 2014, appellant filed his third motion to supplement the record on appeal and to hold the briefing schedule in abeyance. In his motion, appellant related that the record Hazlewood filed on December 30, 2013 had not been filed with the District Clerk nor sent to counsel and that counsel had finally obtained a copy of the record on February 1, 2014. Upon review, counsel discovered the record did not contain copies of the exhibits admitted into evidence.

By order dated March 5, 2013, the Court ordered Hazlewood to file, within fifteen days, a supplemental reporter's record consisting of the exhibits admitted into evidence during appellant's trial including the DVD admitted into evidence as State's Exhibit 30 and appellant's judicial confession admitted into evidence as State's Exhibit 1 during the plea hearing. In the event Hazlewood did not possess one or more of the exhibits, she was ordered to file a letter stating the requested exhibit was not in her possession. The order warned Hazlewood that if she failed to comply with the order, the Court would order that she not sit as a court reporter until she filed the supplemental record.

The time for compliance with the Court's March 5, 2013 order has passed. Hazlewood has neither filed the supplemental reporter's record as requested nor communicated an explanation as to why the requested record has not been filed.

Accordingly, we **ORDER** official court reporter Sharon Hazlewood to file, within **FIFTEEN DAYS** of the date of this order, a supplemental reporter's record consisting of (1) all exhibits admitted into evidence during appellant's trial including a copy of the DVD admitted into evidence as State's Exhibit 30 and (2) appellant's judicial confession admitted into evidence

as State's Exhibit 1 during the plea hearing.  In the event Hazlewood does not possess one or more of the exhibits, she is **ORDERED**  to file a letter stating the requested exhibit is not in her possession.

We further **ORDER** that Sharon Hazlewood not sit as a court reporter until she has complied with this order.

We **EXTEND** the time to file appellant's brief until **THIRTY DAYS** from the date of this order.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Michael Snipes, Presiding Judge of Criminal District Court No. 7; official court reporter Sharon Hazlewood; counsel for the parties; and the Dallas County Auditor's Office.


/s/     LANA MYERS
        JUSTICE